AREY v. COMMISSIONERS.

(Filed May 25, 1905.)

*Taxation—Distiller—Rectifier.*

Under Chapter 247, sections 60 and 63 of the Acts of 1903, imposing a tax on distillers and on rectifiers, a distiller who rectified the product of his own distillery is subject to the tax on rectifiers; the two businesses seems to have been regarded by the Legislature as separate, and there is nothing in the Constitution which prohibits the General Assembly from imposing the increased tax upon the distiller who also operates a rectifying plant.

CONTROVERSY without action by D. L. Arey against the Board of Commissioners of Rowan County, heard by *Judge Henry R. Bryan,* in the Superior Court of ROWAN County. From a judgment for the defendants the plaintiff appealed.

*Burton Craige* and *W. H. Woodson* for the plaintiff.
*T. C. Linn* for the defendants.

BROWN J. The controversy is submitted to determine the legality of a tax assessed against the plaintiff under sections 60 and 63, chapter 247, Acts 1903. The plaintiff operates a 40 bushel distillery, and it is admitted he is liable to the tax of $125 assessed against him under section 63. He operates also a rectifying plant at the same place and rectifies the product of his own distillery. Section 60 imposes a tax of $200 on rectifiers of liquor. The plaintiff in his brief con-

tends "that the tax is unconstitutional; that the process of purifying whiskey is one and the same process in manufacturing whiskey, and that the manufacturer's license covers the business in which he is engaged," and he also contends, "that rectifying or purifying his own whiskey is not a trade or business in itself, such as to be taxable under the Constitution."

We are not conversant with the processes of distilling and manufacturing liquor, but the General Assembly, exercising its knowledge, has classified rectifying as a business entirely distinct from distilling. It has taxed rectifying in the section with wholesalers and has exempted the rectifier from the wholesaler's tax. Therefore the rectifier may deliver his product under section 60 to the common carrier without additional tax.

The same privilege is given distillers in section 63, but nowhere in that section is the rectifier associated with the distiller. The two seem to have been regarded by the legislative mind as separate and distinct vocations, although dealing in the same commodity.

The burden of proof is on the plaintiff to show that the two are but one and the same trade or business. There are no facts set forth in the record from which we can infer it.

Assuming that the two occupations of distilling and rectifying may be united in one and conducted by one person, there is nothing in our Constitution which prohibits the General Assembly from imposing the increased tax upon the distiller who also operates a rectifying plant. Subject to the organic law, the power of the General Assembly to tax is supreme.

Affirmed.